OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Tramaine Owens appeals the September 25, 2003, and October 15, 2003 Judgment Entries entered by the Stark County Court of Common Pleas, which denied his motion to waive court costs and vacate the order of garnishment. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On June 16, 2003, the Stark County Grand Jury indicted on appellant on one count of failure to comply with an order or signal of a police officer, in violation of R.C.2921.331(B)(C)(5)(a)(ii), a felony of the third degree; and one count of possession of cocaine, in violation of R.C.2925.11(A)(C)(4)(a), a felony of the fifth degree. Appellant entered a plea of not guilty to the charges at his arraignment on July 11, 2003. On July 23, 2003, appellant appeared before the trial court and withdrew his not guilty plea and entered a plea of guilty to the indictment. The trial court sentenced appellant to a total term of imprisonment of eighteen months. The trial court memorialized the change of plea and sentence via Judgment Entry filed August 8, 2003.
{¶ 3} Subsequently, on September 23, 2003, appellant filed a Motion to Waive Court Costs, which the trial court denied via Judgment Entry filed September 25, 2003. On October 9, 2003, appellant filed a Motion to Vacate Order of Garnishment, which the trial court also denied via Judgment Entry filed October 15, 2003.
{¶ 4} It is from the September 23, 2003, and October 15, 2003 Judgment Entries appellant appeals, raising the following assignments of error:
{¶ 5} "I. The trial court erred in failing to waive court costs where the defendant filed an uncontested affidavit of indigency.
{¶ 6} "II. The trial court erred in failing to waive court costs by means of vacating the order of garnishment where the defendant is indigent."
 I, II
{¶ 7} Based upon this Court's decision in State v. Glosser
(Jun. 7, 2004), Stark App. No. 2003CA00374, unreported, we sustain appellant's assignments of error. The judgment of the Stark County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion and the law.
Hoffman, P.J. Farmer, J. and Edwards, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the judgments of the Stark County Court of Common Pleas are reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion and the law. Costs assessed to appellee.